**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA, <br><br> *Plaintiff*, <br><br> v. <br><br> LIZANDRO DAN HINOSTROZA and EL RICO SANGUCHOM D'CHALO, LLC, <br><br> *Defendants*. | No. 24-cv-09870 (MEF)(JSA) <br><br> **OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

\* \* \*

A network[1] has sued an LLC[2] and its member[3] for allegedly broadcasting a soccer game without a license.

From here, the network is "the Plaintiff," and the LLC and its member are, collectively, "the Defendants."

The Defendants are not alleged to be New Jersey residents. See Complaint ¶¶ 7-13.

---

[1] Innovative Sports Management, Inc. d/b/a Integrated Sports Media.

[2] El Rico Sanguchom D'Chalo, LLC.

[3] Lizandro Dan Hinostroza.

They have not appeared, and the Clerk of Court entered a default against them.

\* \* \*

The Plaintiff now moves for default judgment as to liability and damages.

The motion is denied.

\* \* \*

On a motion for default judgment, a court, among other things, must establish that it has personal jurisdiction. See Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 227–28 (D.N.J. 2024).

The Plaintiff must carry the burden of establishing personal jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998). Here, it has not done so.

\* \* \*

The Plaintiff's core argument: the Court has personal jurisdiction over the Defendants because they were properly served. See Motion for Default Judgment (ECF 9) at 7–8 (citing Fed. R. Civ. P. 4(e)(2), (h)(1)(A)).

But service of process, standing alone, is not enough. See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant[.]"); cf. Nehemiah v. Athletics Cong. of U.S.A., 765 F.2d 42, 47 (3d Cir. 1985).

\* \* \*

Rather, the question is whether the proposed exercise of jurisdiction over the non-resident Defendants would fit within Federal Rule of Civil Procedure 4(k)(1)(A).

Under that Rule, "a District Court typically exercises personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)).

"In New Jersey, that means jurisdiction over a non-New Jersey defendant reaches as far as the United States Constitution allows. Under the United States Constitution, there are two

2

ways to establish personal jurisdiction: general and specific." Prestan Prods. LLC v. Innosonian Am., LLC, 2024 WL 278985, at *2 (D.N.J. Jan. 25, 2024).

\* \* \*

As to specific jurisdiction here, there are simply no allegations here of any connection between the Defendants and New Jersey. That dooms a specific jurisdiction argument. See generally Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

\* \* \*

As to general jurisdiction, there is nothing to suggest it is in play.

The Defendant-LLC, see footnote 2, is a Utah limited liability company and apparently has its principal place of business in Utah. See Complaint ¶¶ 12-13; see also id., Exhibits 1-2. This means the Defendant-LLC is not "at home" in New Jersey. See Carrington Tea Co. LLC v. Pretium Packaging L.L.C., 2024 WL 5170711, at *1 (D.N.J. Dec. 19, 2024) (collecting cases that apply this "at-home" principle in the LLC context); see generally Daimler AG v. Bauman, 571 U.S. 117, 136-39 (2014).

The Defendant-Member, see footnote 3, is also alleged to be a Utah resident. See Complaint ¶ 7; see also id., Exhibits 1-2. Therefore, he, too, is not subject to New Jersey general jurisdiction. See Beychok v. Baffert, 717 F. Supp. 3d 392, 409 n.24 (D.N.J. 2024); see generally Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).

\* \* \*

In light of the above, the Plaintiff has not carried its personal jurisdiction burden, and the motion for default judgment is therefore denied. See Baymont, 348 F.R.D. at 228.

IT IS on this 2nd day of May, 2025, so ORDERED.

_____
Michael E. Farbiarz, U.S.D.J.

3